IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD T. WILLIAMSON, SR.; NICOLE WILLIAMS; THOSE SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>LONNIE T. PARKER, ROSAILIA G. PARKER; CHS (Cultivating Health Services); VALERIE KRISTEN -Service Coordinator for CHS; AUTUMN STEVENS - Program Supervisor for CHS; ALLEGHENY COUNTY, PENNSYLVANIA; ALLEGHENY COUNTY HEALTH DEPARTMENT (ACHD); KAREN A. HACKER- ACHD Director; LOUSI CONLEY - ACHS Environmental Health Specialist; COLLEEN MURPHY - ACHS - Environmental Health Specialist II;   Defendant-individually and in their official capacities.<br><br>Defendants. | Civil Action No. 15-789<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

AND NOW, this 19th day of June, 2015, upon consideration of the "Plaintiffs Informa Pauperis Motion" (sic) filed by pro se individual Leonard T. Williamson, a non-attorney, purportedly on behalf of himself as well as Nicole Williams and "those similarly situated," which appears to include an individual named John Hall, (Docket No. [1]), "Plaintiffs 42 U.S.C. § 1983 Complaint" (sic) (Docket No. 1-2), and Plaintiffs' "Motion for Emergency Injunction" (Docket No. 1-5), as well as all of the attached exhibits and other documentation,

IT IS HEREBY ORDERED that "Plaintiffs Informa Pauperis Motion" (sic) [1] is DENIED, without prejudice because the Motion and corresponding pleadings, including the

1

Complaint, and Motion for Emergency Injunction, are all filed in violation of 28 U.S.C. § 1654, and relevant Third Circuit precedent, *see Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (citations omitted) ("Parties may proceed in federal court only pro se or through counsel."), which expressly precludes Leonard Williamson, a non-attorney, from representing Plaintiff Nicole Williams, *pro se* or any alleged similarly situated individuals in federal court proceedings. *See Miller v. Spaulding*, 2015 WL 2357115 (M.D. Pa. May 15, 2015) (*pro se* prisoner cannot bring class action on behalf of other non-represented individuals). Absent proper representation of Plaintiff Nicole Williams and these other individuals in accordance with 28 U.S.C. § 1654, i.e., by their appearance personally *pro se* on their own behalf or as represented by an attorney admitted to practice law in this District, it is inappropriate for this Court to address the merits of their claims or the corresponding Motions. *See Williams*, 477 F. App'x at 11 (citations omitted) ("The District Court also should not have reached the merits of her father's claims in the absence of proper representation.").

IT IS FURTHER ORDERED that to the extent that the Court evaluates this lawsuit as involving Plaintiff Williamson only, his individual application for in forma pauperis status is also DENIED as deficient because it does not include an affidavit containing enough information about his **current** income, assets, expenses and debts. See 28 U.S.C. § 1915(a) ("any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."). Instead, Williamson has presented the Court with applications for benefits (welfare and Social

2

Security) that he apparently submitted to other agencies during 2014 and does not include any information about whether he was awarded the benefits he sought, the receipt of which may affect his present financial status and ability to proceed in forma pauperis. (Docket No. 1). Further, even if Williamson qualified for in forma pauperis status individually, his personal indigence alone would not suffice to demonstrate that this entire case would necessary qualify under the statute because Nicole Williams and the other similarly situated individuals are not properly before the Court and their financial status would also need to be considered prior to this Court authorizing this entire case to proceed in forma pauperis.

IT IS FURTHER ORDERED that even if the Court assumes that Williamson qualifies for in forma pauperis status, his claims brought in his own right are subject to dismissal for lack of jurisdiction and failure to state a claim upon which relief can be granted. The Court proceeds to its analysis of his individual claims.

Pursuant to 28 U.S.C. § 1915(e), the Court is under an obligation to evaluate the allegations in the Complaint prior to ordering service of same, in order to determine if the Court has subject matter jurisdiction over Williamson's individual claims. *See* 28 U.S.C. § 1915(e); *see also Johnson v. Philadelphia Housing Authority*, 448 F. App'x 190, 192 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit has recognized that "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163, 2009 WL 1911764,

1 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). In this Court's estimation, Plaintiff Williamson's Complaint fails to establish the existence of federal jurisdiction as there is no basis for the exercise of federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under § 1332. *See id.*

Briefly, Williamson's lawsuit is brought against numerous Defendants but it arises out of the landlord-tenant relationship between the unrepresented Nicole Williams and Defendants Lonnie and Rosalia Parker, two private individuals based in Penn Hills that are the owners of the real property Williams' leases from them and is located in Homewood, Pennsylvania. (Docket No. 1-2). Apparently, Williams was placed in that residence with the assistance of Pittsburgh-based non-profit organization Defendant CHS or Community Human Services. (*Id.*). Williamson lives with Williams at the apartment but admits that he is residing there in violation of her lease with the Parkers and that she was cited for those violations. (*Id.*). At some point, the apartment became infected with "bed bugs" and the landlord-tenant relationship deteriorated with Williams refusing to pay rent and the Parkers allegedly not doing enough to remediate the conditions and/or forcing Williams to destroy and remove furniture and other items from the property as part of their allegedly deficient remediation efforts. (*Id.*). Williamson and Williams lodged several complaints with CHS and its employees, including Defendants Valerie Kristen and Autumn Stevens which were not resolved to their satisfaction. (*Id.*).

They then moved on to complain to Allegheny County and the Allegheny County Health Department ("ACHD") and have sued those municipal entities as well as Karen A. Hacker, ACHD Director, Louis Conley, ACHD Environmental Health Specialist, and Colleen Murphy, ACHS-Environmental Health Specialist II. (*Id.*). Williamson believes that the County has not done

4

enough to remediate the problem.[1] (*Id.*). Most recently, the Parkers filed an action for ejectment against William before Magisterial District Judge Hugh McGough at MJ-05235-LT-0000055-2015 and a judgment was entered against Williams in the amount of $691.00. (*Id.*). It is unclear if Williams was also ordered to vacate the premises. But, according to Williamson, she has appealed this decision. (*Id.*). Despite admitting that Williams was not paying rent, Williamson contends that the Parkers initiated that action in retaliation for all of their complaints. (*Id.*). It appears that both Williamson and Williams remain in the apartment as of the date of these submissions, despite the activity before the Magisterial District Judge. (*Id.*).

Having fully reviewed the matter, the Court finds that it lacks jurisdiction over any claim by Williamson in his own right arising from this factual scenario and he has otherwise failed to state any cognizable claims against these Defendants such that all of his individual claims must be dismissed. *See* 28 U.S.C. § 1915(e). As a general matter, landlord-tenant disputes concerning rent due by the tenant and conditions of the apartment owned by private individuals subject to County Health Codes do not involve any federal rights. In addition, Williamson clearly lacks standing to pursue any claims Williams may have against her landlord, CHS, its employees, the County, ACHD, or ACHD employees arising from those facts including any claims challenging the actions taken by the Parkers before the Magisterial District Judge. Further, neither the Parkers, CHS nor its employees are state actors because they are all private individuals and a private non-profit corporation and as such, these parties cannot be sued for civil rights violations under § 1983 absent a further showing of state involvement that has not been made here. *See*

---

[1] The most recent correspondence from Colleen Murphy, Environmental Health Specialist II, to the Parkers states that the ACHD had received a complaint about bed bug infestation at the property and that her "office is requesting your cooperation in correcting the conditions by 07/08/15. Please be advised that if you do not comply with this request in the time specified, the Health Department may perform an on-site inspection of the property. If the above conditions do not exist you may disregard this notice." (Docket No. 1-3 at 7).

*Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)) ("A person may be found to be a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state."). Additionally, Williamson invokes the First, Fourth, Fifth, Eighth and Fourteenth[2] Amendments in support of the § 1983 claim against the County Defendants but the crux of those claims is merely that the County, through ACHD and its employees, is currently aware of the alleged "bed bug" infestation at the residence and has not done enough to prosecute the Parkers and/or CHS (private individuals and a private entity) for these violations of unstated provisions of the County Health Code. But, these are not cognizable federal claims. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")); *see also Fuchs v. Mercer County*, 260 F.App'x. 472, 475 (3d Cir. 2008) (quoting *Mitchell*, 487 F.3d at 378) ("[t]here is no statutory or common law right, much less a constitutional right, to an investigation" of a private criminal complaint made against another private individual). And, as the Court has noted, Williamson admits that he remains on the premises in violation of the lease that Williams has with the Parkers in any event. Overall, Williamson has not demonstrated that this Court has subject matter jurisdiction over any claims under 28 U.S.C. § 1331. *See Leshko*, 423 F.3d at 339. Finally, all of the parties listed in the Complaint are Pennsylvania residents precluding this Court from exercising diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Hence, subject

---

2     The Court notes that some of Williamsons' allegations appear to by wholly irrelevant to this matter and involve corrections officers that he previously sued, including Latoya Brownfield. *See Leonard T. Williamson*, 2014 WL 4924945 (W.D. Pa. Sept. 30, 2014), *aff'd*, --- F. App'x ---, 2015 WL 3560051 (3d Cir. 2015).

matter jurisdiction is lacking and the Complaint is otherwise subject to dismissal for failure to state a claim.

For these reasons, all claims brought by Williamson in the Complaint [1] are hereby DISMISSED, without prejudice, to the extent that he may refile any cognizable state law claims in state court. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

FINALLY, IT IS ORDERED that because all of Williamson's claims have been dismissed and the other parties (Nicole Williams and other similarly situated individuals) are not properly represented in this Court, the Clerk of Court shall mark this case CLOSED. Insofar as Williams or any of those other individuals seek to pursue claims in this Court, they shall initiate a separate action with a properly supported Complaint and/or petition to proceed in forma pauperis.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: Leonard Williamson, pro se
421 North Homewood Ave., Apt. 3
Pittsburgh, PA 15219
(regular and certified mail).